IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON WRIGHT | : | CIVIL ACTION |
| AF-9031 | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, et al. | : | NO.  07-1358 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                                                      December 17, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a petition entitled "Motion pursuant to Fed. Rule of Procedures Rule 59(a) seeking amendment of judgement [*sic*] and modification form [*sic*] an original imposed sentence and to resolve outstanding detainer as a result of:[1] In his motion, Mr. Wright appears to request that his federally imposed sentence be modified, thereby resolving a "related detainer". Petitioner's habeas motion has been referred to me for a Report and Recommendation by Order of the Honorable Paul S. Diamond, dated May 9, 2007.  For the reasons which follow, I recommend that Mr. Wright's motion be denied without an evidentiary hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[2]

On April 2, 2007, Petitioner signed and dated the instant petition, which was filed in our Court on April 3, 2007.  The issue presented to the Court appears to be that a detainer, which

---

[1] This motion is deemed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255.

[2] The facts presented in this discussion have been gleaned from Mr. Wright's motion and the Government's response.  The Clerk's Office has not been able to locate the court record that evidently dates back to 1977.  Petitioner notes on his petition a "Detainer No. CR-77731-M".

resulted from a consecutive six-month sentence of imprisonment which Mr. Wright received for an unspecified federal conviction in 1977, is frustrating his attempts at an early parole from a state sentence of 100 years of incarceration, which he seeks due to health problems. Petitioner asserts the following:

> 1. Petitioners states that he was before this Honorable court via information and belief on or about 1977 to be sentenced for a mitigated federal offense.
>
> 2. That the sentenced [*sic*] imposed was for him to serve 6-month sentence in a Federal Facility.
>
> 3. That the imposed sentence entered by this Federal Court['s] Jurisdiction retained a harsh stipulation that averred the Federal imposed sentence be served upon the completion of a huge outstanding lengthy State Court of Common Pleas imposed sentenced.
>
> 4. As a result of Petitioner having the Federally imposed sentenced [*sic*] attached to and/or commencing upon the completion of the State imposed sentence the likelihood of the Federal Sentencing ever being served is overwhelmingly impossible because the state sentence imposed carries nearly a 100-year imposed. And moreover the activated detainer which to guarantee that petitioner is held after the state sentence to serve the Federal sentence <u>prevents due process upon petitioners is preparing to secure an immediate</u> **"medical parole release consideration"** [emphasis in original].[3]

Petition at [2]. The government denies that Mr. Wright is entitled to any relief and states that the motion should be dismissed for lack of jurisdiction. Response at 2.

## II. DISCUSSION[4]

Petitioner asks this habeas court to review the "activated nearly 30-year detainer and the 6-

---

[3]Mr. Wright asserts that he is suffering from a lung condition that requires a lung transplant. Petition at [3].

[4]The following discussion constitutes proposed findings of fact and conclusions of law.

month sentence that commence[s] after his state sentence. . . ." He would like the "6-months to become activated so that he can comply to the sentence which would resolve the detainer and enable him to commence his petition for an emergency medical release upon supervised parole." Petition at [3]. According to Mr. Wright, "[t]he detainer affects petitioner['s] security level and prevents an entertainment of emergency medical parole supervised or the likes." *Id.*

In support of his argument, Petitioner cites "Fed. Rule of Procedures Rule 59(a)". As he does not indicate whether it is Federal Rule of Criminal Procedure 59(a) or Federal Rule of Civil Procedure 59(a), I will discuss both rules. Federal Rule of Criminal Procedure 59(a) discusses nondispositive matters before a Magistrate Judge.[5], and Federal Rule of Civil Procedure 59(a) addresses grounds for a new trial in a civil case.[6] I surmise that he filed the instant petition pursuant to Federal Rule of Criminal Procedure 59(a); however, this criminal procedural rule has no bearing on the issue raised by Mr. Wright. In his petition, Mr. Wright also cites two cases, neither of which support his arguments. Furthermore, Petitioner cites no statute in support of his motion. Clearly, Mr. Wright has not met his burden of proving that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

---

[5] A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 10 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review. F.R.Crim.P. 59(a).

[6] (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues -and to any party-as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. F.R.Civ.P. 59(a).

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". 28 U.S.C. §2255.

## RECOMMENDATION

Based upon the above analysis, it is recommended that Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2255, be DENIED WITHOUT AN EVIDENTIARY HEARING.

BY THE COURT:


 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE